IN THE UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LARRY TROTTER                                                                               PLAINTIFF

VS.                                            CASE NO. 08-CV-4005

WEYERHAEUSER CORPORATION                                                    DEFENDANT

### MEMORANDUM OPINION

Before the Court is Defendant Weyerhaeuser Corporation's Motion for Summary Judgment. (Doc. 24). Plaintiff Larry Trotter responded. (Doc. 32). Defendant replied. (Doc. 35). The Court finds the matter ripe for consideration.

BACKGROUND

Defendant is a forest products company with a plant site in Dierks, Arkansas. Plaintiff worked for Defendant at the Dierks plant site from February 2, 1976 until his discharge on June 5, 2006. Plaintiff was a kiln monitor at the plant and was 50 years old at the time of his discharge. On February 16, 2006, Plaintiff was injured at work when he dislocated three fingers on his left hand. Plaintiff filed a workers' compensation claim on this injury and received benefits. Plaintiff returned to work for light duty in March 2006 and was released back to his normal duties by May 2006. However, Plaintiff had no specific job assignment in May 2006.

Plaintiff was terminated June 5, 2006. Defendant's proffered reasons for discharging Plaintiff is that he left his shifts early on May 27 and May 28, 2006 without permission and that he falsified his time clock records by later reporting he worked full shifts on both days. This conduct is a violation of plant site rules. Plaintiff admits he left early on both occasions. Plaintiff also admits he did not contact his supervisor prior to leaving early on either occasion. During his employment with

Defendant, Plaintiff signed a written relief policy which stated that a supervisor must approve leaving for any reason during a shift. Plaintiff, however, believed that the employees of the kiln department could be relieved by speaking with their work mate in person. On May 27, 2006, Plaintiff thought he was having a medical emergency.[1] Plaintiff's co-worker, Stanley Davis, was aware of Plaintiff's inability to work on both May 27 and May 28, 2006. Plaintiff also states that it is the custom of the kiln department employees to enter their work hours prior to working them and to correct any errors at a later time. Plaintiff maintains that there were no regulations regarding when employees must enter the hours they worked. Plaintiff attempted to amend his incorrect time entry after it was brought to his attention, but he was not allowed to do so and instead was terminated.

After his termination, Plaintiff first exhausted his union grievance remedies. Then, on August 7, 2006, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff's claim with the EEOC alleged disability discrimination based on his injured hand. The EEOC issued Plaintiff a Dismissal and Notice of Rights Letter, dated October 10, 2006, dismissing his discrimination claim. Plaintiff received the letter a few days later. This notice explained that any lawsuit must be filed within ninety days of receipt of the letter. Plaintiff filed the instant action on December 3, 2007—approximately 13 months after receiving the letter.

In his complaint, Plaintiff claims he was retaliated against for his workers' compensation claim regarding his injured hand and that he was discriminated against based on his age. In Defendant's motion for summary judgment, Defendant assumes Plaintiff is making the following claims: 1) age discrimination pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634; 2) disability discrimination pursuant to the Americans with Disabilities Act

---

[1] This is the statement made in Plaintiff's response, however, in the record there are conflicting reasons given by Plaintiff for his early departure on both May 27 and May 28, 2006.

2

("ADA"), 42 U.S.C. §§ 12101 *et seq*; 3) employment discrimination pursuant to the Arkansas Civil Rights Act ("ACRA"), Ark. Code Ann. § 16-123-107; and 4) retaliation for filing a workers' compensation claim. The Court is not convinced that Plaintiff made all four of these claims in his Complaint but because both parties addressed all four claims in the summary judgment pleadings currently at issue, the Court will do the same in this Opinion.

## STANDARD OF REVIEW

The standard of review for summary judgment is well established under Rule 56(c) of the Federal Rules of Civil Procedure. A summary judgment motion should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed. 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct 2505, 91 L.Ed. 202 (1986). The Court must view the evidence in the light most favorable to the nonmoving party giving her the benefit of all reasonable factual inferences. *Reed v. ULS Corp.,* 178 F.3d 988, 990 (8th Cir. 1999). The moving party bears the burden of showing that there is no genuine issue of material fact and that she is entitled to judgment as a matter of law. *Enterprise Bank v. Magna Bank of Missouri,* 92 F.3d 743, 747 (8th Cir. 1996). Once the moving party meets this burden, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on the issue. *Anderson*, 477 U.S. at 249. To avoid summary judgment the non-movant must go beyond the pleadings and come forward with specific facts, "by [his] own affidavit," or by "depositions, answers to interrogatories, and admissions on file," and designate specific facts showing there is a genuine issue for trial. *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a

verdict for the nonmoving party." *Anderson,* 477 U.S. at 248.

## DISCUSSION

Defendant asserts in its motion that under both the ADA and the ADEA, a plaintiff is required to file suit within ninety days of receiving a right-to-sue letter. 42 U.S.C. § 2000e-5(f)(1) (2000); 29 U.S.C. § 626(e) (2000). Plaintiff received his right-to-sue letter in October of 2006. Plaintiff did not file this action until December of 2007—approximately 13 months after receipt of the letter. Plaintiff does not challenge Defendant's assertion and admits his federal claims under the ADA and ADEA are time barred. Therefore, Plaintiff's ADEA and ADA claims must fail as a matter of law.

Defendant also asserts in its motion that Plaintiff is time barred from making an employment discrimination claim under the ACRA.[2] Ark. Code Ann. § 16-123-107. The ACRA includes a one-year statute of limitations for employment discrimination. *Medical Liability Mut. Ins. Co. v. Alan Curtis LLC,* 519 F.3d 466, 474 (8th Cir. 2008). The ACRA provides that a suit must be filed within one year of the alleged discrimination or within ninety days of receiving a right-to-sue letter from the EEOC, whichever is later. Ark. Code Ann. § 16-123-107(c)(3). Plaintiff was terminated on June 5, 2006 and he received his right-to-sue letter from the EEOC in October of 2006. Plaintiff did not file this action until December 3, 2007. The filing of this action was beyond both the one year and ninety day deadlines. Therefore, Plaintiff's claims under the ACRA are also time barred.

Next, Defendant asserts that Plaintiff's claim that he was wrongfully discharged in retaliation for filing a workers' compensation claim is no longer a cause of action in Arkansas. The Arkansas Supreme Court first recognized the retaliatory discharge cause of action as a public

---

[2]The Court notes that it is unclear whether Plaintiff asserted a claim pursuant to the ACRA.

policy exception to the employment-at-will doctrine. *Wal-Mart Stores, Inc. v. Baysinger,* 306 Ark. 239, 467, 812 S.W.2d 463 (1991). In 1993, the Arkansas General Assembly eliminated the cause of action for retaliatory discharge for filing workers' compensation claims. *Tackett v. Crain Automotive,* 321 Ark. 36, 36-7, 899 S.W.2d 839 (1995). Arkansas Code section 11-9-107 expressly prohibits this cause of action and lists *Wal-Mart v. Baysinger* as one of the cases that is annulled by the section. Ark. Code Ann. § 11-9-107(e).  Therefore, Plaintiff's Arkansas state claim of retaliation for filing a workers' compensation claim must fail as a matter of law.

Finally, Plaintiff asserts, in his response, that he has a right to bring a cause of action for wrongful discharge because the applicable statute of limitations for this claim is three years. Plaintiff argues that his discharge was against Arkansas public policy. In *Sterling Drug Inc. v. Oxford,* the Arkansas Supreme Court explained that it recognized a contract claim of wrongful discharge. 294 Ark. 239, 249, 747 S.W.2d 579 (1998) (explaining that a "public policy discharge action is essentially predicated on the breach of an implied provision that an employer will not discharge an employee for an act done in the public interest").[3] While the Court is unclear regarding the basis of Plaintiff's wrongful discharge claim, in light of the precedent the Court will infer that Plaintiff is making a contract claim for wrongful discharge.

A contract claim for wrongful discharge as against public policy is one of the exceptions to the employment-at-will doctrine recognized by the Arkansas Supreme Court. *Smith v. American Greetings Corp.,* 304 Ark. 596, 598, 804 S.W.2d 683 (1991). However, this claim serves only as a limited exception to the employment-at-will doctrine because it is only available when the employee is fired in violation of a well established public policy of the state of

---

[3] The Court notes that Arkansas has explicitly refused to recognize the tort of wrongful discharge. *Wallace v. Sparks,* 415 F.3d 853, 861 (8th Cir. 2005).

Arkansas. *Sterling Drug,* 294 Ark. at 249 (explaining that an employer should not have the right to fire an employee for "an act done for the good of the public"). Taking the facts in the light most favorable to the Plaintiff, the Court cannot find any facts in the record indicating that Plaintiff was discharged because of an act he did for the public interest. Additionally, as stated above, Plaintiff's claim for wrongful discharge based on retaliation for filing a workers' compensation claim is no longer a public policy exception to the employment-at-will doctrine in Arkansas. Ark. Code Ann. § 11-9-107(e). Therefore, his claim for wrongful termination as against public policy must also fail. Furthermore, Plaintiff did not assert a claim for wrongful discharge as against public policy in his Complaint and cannot raise it for the first time in a response to a motion for summary judgment.

## CONCLUSION

For the reasons stated above, the Court finds that Defendant's Motion for Summary Judgment (Doc. 24) should be and hereby is **GRANTED.** Plaintiff's claims are dismissed with prejudice. An order of even date, consistent with this opinion, shall issue.

IT IS SO ORDERED, this 18th day of May, 2009.

    /s/ Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge