IN THE UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LARRY TROTTER                                                                                    PLAINTIFF

VS.                                              CASE NO. 08-CV-4005

WEYERHAEUSER CORPORATION                                              DEFENDANT

## ORDER

Before the Court is a Bill of Costs filed on behalf of the Defendant Weyerhaeuser Corporation. (Doc. 39). As the prevailing party in this action, Defendant asserts that it is entitled to costs in the amount of $948.85. The Clerk of this Court filed a Notice of Costs Taxed against Plaintiff Larry Trotter in the amount of $948.85 on June 15, 2009. (Doc. 40). Plaintiff filed an objection to Defendant's Bill of Cost also on June 15, 2009. (Doc. 41).[1] The Court finds this matter ripe for consideration.

"Cost—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). While this rule presumes an award of cost to the prevailing party, the district court has substantial discretion in awarding such costs. *Computrol, Inc. v. Newtrend, L.P.,* 203 F.3d 1064, 1072 (8th Cir. 2000)(citations omitted). The Court may consider the indigency of the losing party in determining whether to tax costs against him, but an indigent losing party is not immune from a taxing of costs. *Lampkins v. Thompson,* 337 F.3d 1009, 1017 (8th Cir. 1992).

In his objection, the Plaintiff asserts that because he is a man of "very limited means" and because he brought his cause of action believing it to be meritorious and not frivolous, the Court

---

[1] Document 41 is titled "Plaintiff's Statement of Disputed Material Facts in Support of Response to Defendant's Motion for Summary Judgment." However, the substance of Document 41 is an objection to Defendant's Bill of Cost and is treated as such by the Court.

should exercise its discretion by not granting Defendant's Bill of Cost. Additionally, Plaintiff asserts that the Court granting Defendant's Bill of Cost would produce a chilling effect on any individual believing they had a right to file a cause of action against their employer.

While the Court does have the discretion to deny costs based on the losing party's indigency, it cannot do so here. The Plaintiff has offered the Court no support of his contention that he is a man of very limited means. Plaintiff offered nothing to show that an award of Defendant's costs would place an undue economic hardship on him. Additionally, Plaintiff offers no support for his assertions that because he believed his claim meritorious and because a grant of Defendant's costs would produce a chilling effect on other individuals, the costs should not be granted. Thus, the Court, in its discretion, will not deny Defendant's costs based on these unsupported assertions.[2] For the reasons stated above, the Court finds that the Clerk's tax of costs in favor of Defendant Weyerhaeuser Company in the amount of $948.85 was proper.

**IT IS SO ORDERED**, this 17th day of June, 2009.

    /s/ Harry F. Barnes  
Hon. Harry F. Barnes  
United States District Judge

---

[2] The Court notes that the case law also does not support Plaintiff's additional assertions. *See Smith v. Tenet Healthsystem SL, Inc.,* 436 F.3d 879, 889-90 (8th Cir. 2006)(cost may not be denied simply because a heavy taxation would deter the poor from seeking redress); *See also Pacheco v. Mineta,* 448 F.3d 783, 794-95 (5th Cir. 2006)(mere fact that cause of action was brought in good faith does not warrant a denial of cost).